## MARSHALL v. PITTS.

1. LEGAL DEFENCE—JURY TRIAL.—An action was instituted for the specific performance of an agreement for the purchase of land, or else for its sale in payment of the purchase money; and one, who was not a party to the agreement, was made a party to the action under the allegation, that he was in possession, claiming an interest. This defendant answered, asserting title in himself (1) by a parol partition and possession thereunder between himself and a cotenant under whom plaintiffs claim, and (2) by adverse possession. *Held*, that the issue raised by this answer should have been tried by a jury on the law side of the court.

2. INTERMEDIATE ORDER—EXCEPTION—APPEAL.—*It seems* that the failure to except to an order refusing a trial by jury, at the time the order was rendered, does not preclude the party from raising the question by exceptions and appeal after final judgment; but the better practice is to except at the time the intermediate order is made.

3. LEGAL DEFENCE—JURY TRIAL—ESTOPPEL.—The fact that this defendant was a party to an action of foreclosure of mortgage under which the plaintiffs purchased the title of her whom this defendant alleges to have been his cotenant before the parol partition was made, does not affect his right to a jury trial of the legal issues raised by his answer.

Before HUDSON, J., Oconee, February, 1892.

This was an action by Albert C. Marshall and others as Marshall, Graves & Co. against Y. J. H. Pitts and others.

*Messrs. Stribling* and *Shelor*, for appellants.

*Messrs. Thompson & Jaynes* and *Cothran, Wells, Ansel & Cothran*, contra.

June 29, 1893. The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER. The land which is the subject-matter of this action is a part of a tract of 812 acres, which belonged formerly to J. D. and W. R. Kay, and they,

by deed dated 5th of March, 1878, conveyed the same to M. A. Pitts and Y. E. Pitts jointly. On the 20th day of September, 1879, a portion of this land, containing 120 acres, being the lower part of the 812 acre tract, was sold and conveyed by M. A. Pitts and Y. E. Pitts to one Adams by deed dated on said last mentioned date, leaving the said M. A. Pitts and Y. E. Pitts as owners, and in possession of the remaining 692 acres. After this sale was made, and some time in the year 1879, appellant claims that a parol partition of the remaining 692 acres was made between the appellant, Y. E. Pitts, and his mother, M. A. Pitts, and that each of them went into possession of their respective portions, though no deeds were made until the 9th day of November, 1888, the reason for the delay in executing the deeds being, as testified to by the appellant, that they could not get a surveyor to run the dividing line.

In the meantime, however, the defendants, Y. J. H. Pitts [1] and M. A. Pitts, executed a mortgage, bearing date 11th July, 1881, to one Davis, in which the land mortgaged was described as follows: "A certain tract or parcel of land in Oconee County, South Carolina, on waters of Colonel's Fork, and containing four hundred acres, adjoining lands of David Dickson, Andrew Cox, and others." This mortgage having been duly assigned to the plaintiffs, they brought their action to foreclose the same, to which the appellant, Y. E. Pitts, was made a party as a person having, or claiming to have, some interest in the mortgaged premises. To this action, said Y. E. Pitts failed to make any answer, and the plaintiffs having recovered judgment of foreclosure, the land described in the mortgage was offered for sale by the master on saleday in March, 1887, and bid off by plaintiffs, and on the 11th day of March, 1887, the plaintiffs and the defendants, Y. J. H. Pitts and Martha A. Pitts, entered into an agreement in writing whereby the plaintiffs were to take titles for the land and reconvey the same to the said Y. J. H. Pitts and M. A. Pitts, upon the compliance by them with the terms of said agreement. These defendants having failed to comply, and the plaintiffs having obtained a

[1] Husband of M. A. Pitts.

title for the said land from the master on the 25th of July, 1887, instituted this action praying for specific performance of said agreement, and, in default thereof, that the premises be sold, or that said agreement be rescinded and possession of said premises be delivered to plaintiffs. To the complaint in this action, the appellant, Y. E. Pitts, who was made a party as a person in possession of the premises, answered, claiming title to the said premises under the parol partition above referred to, and by adverse possession thereof for more than the statutory period. The defendant, R. F. White, was also made a party, as one claiming to hold a junior mortgage on the premises; but as his rights are not presented for consideration by this appeal, they need not be stated or considered.

When the case was first called for hearing before his honor, Judge Hudson, defendants moved for a trial by jury, but the motion was refused, and an order granted referring the case to the master to take and report the testimony. To this action of the court no exception was filed and no notice of appeal was given until the filing of the final judgment in this case. The case was afterwards heard by his honor, Judge Aldrich, upon the testimony as taken and reported by the master, and he rendered a final judgment in favor of the plaintiffs. From this judgment the defendant, Y. E. Pitts, alone has appealed upon the several grounds set out in the record. But under the view which we take of the first ground, it is not necessary, and would, perhaps, be improper for us now to go into any question as to the merits, inasmuch as there must be a new trial, so far as the appellant is concerned.

The first ground raises the question whether the appellant was entitled to a trial by jury. Inasmuch as there is no pretense that the appellant was a party, either to the mortgage through which plaintiffs claim or to the agreement, specific performance of which is sought, it is clear that the case, as against the plaintiff, can only be regarded as an action to recover possession of land, of which appellant is admitted, by the complaint, to be in possession, which he, by his answer, claims to hold by paramount title derived from two distinct sources: 1st. The alleged parol partition and possession there-

under. 2d. Adverse possession. It was, therefore, clearly a case in which appellant was entitled to demand a trial by jury, and the refusal of this demand was erroneous, and entitles him to a new trial. If it should be contended (though no such point is raised in the argument for respondents) that appellant, by failing to except to the ruling whereby he was denied the right of trial by jury at the time such ruling was made, precluded him from raising the question on the appeal from the final judgment, we do not think, under the recent cases of *McCrady* v. *Jones*, 36 S. C., 136, and *Capell* v. *Moses, Ibid*, 559, and the authorities therein cited, that such a position could be sustained. While it would be the better practice to note an exception to any intermediate order at the time it is made which a party may desire to have reviewed by this court upon appeal from the final judgment, yet those cases show that an omission to do so is not fatal.

It is urged, however, that the appellant is estopped from setting up title to the land in question by his failure to answer the complaint in the action for the foreclosure of the mortgage; but whether that was so or not, is a question proper to be determined when the issue of title is presented for trial before the proper tribunal. Indeed, we can very well understand that the appellant might have supposed that he was made a party to that action solely because the *legal* title was still in him and his mother jointly, and that the object was merely to divest him of such legal title to the mortgaged premises, but what was the true location of the mortgaged premises was not and could not then have been raised; and in order to make the estoppel available, it would be necessary to assume that the appellant then knew that the mortgage covered the portion of the land to which he now claims title, a matter which seems to have been gravely questioned in this very case. But without undertaking to decide or even to intimate any opinion as to the effect of the estoppel claimed, we think it sufficient to say that defendant being in possession of the land to which he sets up a claim of title, he had the right to have the question of title tried by a jury before he could be ousted of his possession.

35—39

Upon this ground alone, and without considering or determining any question as to the merits, the case must go back for a new trial, so far as the rights of the appellant are concerned.

The judgment of this court is, that the judgment of the Circuit Court be reversed, so far as it affects the rights of the appellant, and that the case be remanded to that court for a new trial, by the proper tribunal, of the issues presented by appellant's answer, and that as to all of the other defendants the said judgment be affirmed.

